**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

IN RE:                                          **CASE NO.: 3:26-bk-30556-SHB**
                                                **CHAPTER 7**
**ROBERT HAROLD ELWOOD,**                       **JUDGE SUZANNE H. BAUKNIGHT**

         **Debtor(s),**

---

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> **Notice is hereby given that:**
>
> **Pursuant to E.D. Tenn. LBR 9013-1(h), the Court may consider this matter
> without further notice or hearing unless a party in interest files an objection.
> If you object to the relief requested in this paper, you must file with the clerk
> of the court at United States Bankruptcy Court, 800 Market Street, Suite 130
> Knoxville, Tennessee 37902, an objection within fourteen (14) days from the
> date this paper was filed and serve a copy on Kimberly Cambron, Movant's
> Attorney, Robertson, Anschutz, Schneid, Crane & Partners, PLLC, 13010
> Morris Rd., Suite 450 Alpharetta, GA 30004. If you file and serve an objection
> within the time permitted, the court will schedule a hearing and you will be
> notified.  If you do not file an objection within the time permitted, the court
> will consider that you do not oppose the granting of the relief requested in this
> paper and may grant the relief requested without further notice or hearing.**
>
> **Your rights may be affected. You should read these papers carefully and
> discuss them with your attorney, if you have one in this bankruptcy case.  If
> you do not have an attorney, you may wish to consult one.**

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT WITH
REQUEST FOR WAIVER OF 14 DAY STAY UNDER RULE 4001(a)(4) FILED BY
SELECT PORTFOLIO SERVICING, INC.**

Secured Creditor, Select Portfolio Servicing, Inc., by and through the undersigned counsel,

hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay

provisions for cause, and, pursuant to 11 U.S.C. § 554 for abandonment of the property by the

Trustee, in support thereof, states the following:

1. Debtor(s), Robert H. Elwood, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on March 26, 2026.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On October 21, 2005 Robert H. Elwood executed and delivered a ("Note") securing payment of the Note in the amount of $359,650.00 to TNBANK, A Tennessee Banking Corporation.  On that same day, Robert H. Elwood and wife Rita Lynn Elwood executed a Mortgage that was recorded in BK/PG: 1407/1184-1198 in the Public Records of Anderson County, Tennessee.  The loan was transferred to Secured Creditor.  True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A".  The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

4. The Mortgage provides Secured Creditor a lien on the real property located in Anderson County, Tennessee located at 104 Dansworth Lane, Oak Ridge, Tennessee 37830.

5. The terms of the aforementioned Note and Mortgage are in default for failure to make payments.  As of April 3, 2026, the principal balance is $192,469.76 and the arrears total $69,991.32.

6. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents

while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

7.  If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

8.  Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.  The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

9.  Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

10. The real property is of inconsequential value to the Estate as the Debtor's interest in the property is a tenancy by the entireties and Secured Creditor requests abandonment under 11 U.S.C. § 554.

11. A proposed order accompanies this motion and is attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court:

1.  Enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein.

2. Secured creditor requests abandoned of the associated property by the estate pursuant to

   11 U.S.C. §554 as it is of inconsequential value, to gain possession of said collateral.

3. Secured creditor requests to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(4)

   and to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding,

   and to any such further relief as this Honorable Court deems just and appropriate.

<div style="margin-left:40%">

Respectfully Submitted,

s/ Kimberly Cambron
Kimberly Cambron (MI70317)
Attorney for Secured Creditor
Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
kcambron@raslg.com

</div>

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 17, 2026, I electronically filed the foregoing Motion

for Relief from the Automatic Stay and Abandonment, attached Exhibits and proposed Order with

the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served on

the following parties by the method of delivery specified below:

By electronic delivery via electronic noticing in the CM/ECF system to:

William E. Maddox, Jr.
William E. Maddox, Jr., LLC
P. O. Box 31287
Knoxville, TN 37930

By electronic delivery via electronic noticing in the CM/ECF system to:

Heather Ellis Banks
Mostoller, Stulberg, Allen & Tippett
136 S. Illinois Ave., Suite 104
Oak Ridge, TN 37830-6295

By electronic delivery via electronic noticing in the CM/ECF system to:

Office of the United States Trustee
800 Market Street, Suite 114
Howard H. Baker Jr. U.S. Courthouse
Knoxville, TN  37902

and by United States Mail, first-class postage prepaid upon:

Robert Harold Elwood
104 Dansworth
Oak Ridge, TN 37830

/s/__Kimberly Cambron_____
Kimberly Cambron